# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| MELISSA H. TRAIL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00058 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| LOCAL 2850, UAW/UNITED DEFENSE WORKERS OF AMERICA, ET AL., | ) ) ) | By: James P. Jones United States District Judge |
| | ) | |
| Defendants. | ) | |

*Richard F. Hawkins, III, The Hawkins Law Firm, P.C., Richmond, Virginia, for Plaintiff. Robert E. Paul, Zwerdling, Paul, Kahn & Wolly, P.C., Washington, D.C., for Defendants.*

Plaintiff Melissa H. Trail filed the present case seeking redress against her labor unions under the "free speech" provision in Section 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA"). The defendants moved to dismiss the Complaint on the ground that Trail had not stated a cause of action. I granted the defendants' motion, holding that there was no free-standing retaliation claim under Section 101 of the LMRDA and that, in any event, Trail's report of alleged misconduct by two union officials was not an exercise of free speech protected under the statute.

Trail now moves to alter or amend the prior ruling pursuant to Federal Rule of Civil Procedure 59(e) in order to request leave to file a proposed amended

complaint, a copy of which was attached to the present motion. Trail argues that the proposed amended complaint addresses the deficiencies of her prior factual allegations.

I disagree. The proposed amended complaint does not cure the fundamental defects of Trail's original claim. While it does detail a series of events that allegedly occurred after Trail reported the misconduct by two union officials, her "report" is still not "free speech" within the meaning of the LMRDA. As discussed in my prior ruling, the speech protected under the LMRDA "is limited to speech that relates to the general interests of the union membership at large," not speech that is of an entirely personal interest. *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 917 (8th Cir. 2008). While Trail did, in some respects, criticize union leadership, her complaint is not the type of "view[], argument[], or opinion[]" in need of protection in order to promote union democracy. *See* 29 U.S.C.A. § 411(a)(2) (West 1998 & Supp. 2011). Thus, I find Trail's request for leave to amend to be futile because the proposed amended complaint fails to state a plausible claim against the defendants. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Since the leave to amend would be denied, there is no cause shown to alter or amend the judgment.

- 2 -

Case 1:11-cv-00058-JPJ-PMS   Document 19   Filed 05/10/12   Page 2 of 3   Pageid#: 96

Accordingly, it is **ORDERED** that the plaintiff's Motion to Amend and Alter the Court's March 27, 2012 Opinion and Order (ECF No. 15) is DENIED.

ENTER: May 10, 2012

/s/   James P. Jones
United States District Judge